UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XODUS MEDICAL, INC., ALESSIO
PIGAZZI, and GLENN KEILAR,

    Plaintiffs,

v.                                                    Case No. 8:18-cv-1152-AAS

THE SOULE CO.,

    Defendant.
_____/

## ORDER

The parties requested a telephonic status conference to clarify whether the issue of indefiniteness should be addressed during claim construction briefing. (Doc. 93). The court held a hearing on August 21, 2019 and ordered the parties to brief the issue. (Doc. 99). Both parties timely submitted briefs. (Docs. 100, 101).

The standard for indefiniteness is different than the standard for claim construction. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005). Many district courts[1] have recognized "the Federal Circuit's statements that indefiniteness is intertwined with claim construction mean only that the Court must attempt to

---

[1] *See also Capstan AG Sys., Inc. v. Raven Indus., Inc.*, No. 16-cv-4132, 2018 WL 953112, at *15 (D. Kan. Feb. 20, 2018); *Capital Sec. Sys., Inc. v. NCR Corp.*, No. 14-cv-1516, 2016 WL 3517595, at *4 (N.D. Ga. June 28, 2016); *Forta Corp. v. Surface-Tech, LLC*, No. 13-cv1608, 2015 WL 3756187, at *1-2 (W.D. Pa. June 11, 2015); *Indus. Tech. Research Inst. v. LG Elecs. Inc.*, No. 13-CV-2016, 2014 WL 6907449, at *2 (S.D. Cal. Dec. 8, 2014); *Takeda Pharm. Co. v. Handa Pharms., LLC*, C–11–00840 JCS, 2012 WL 1243109, at *16 (N.D. Cal. Apr. 11, 2012).

determine what a claim means before it can determine whether the claim is invalid for indefiniteness, and not that the Court must determine indefiniteness during the claim construction proceedings." *ASM Am., Inc. v. Genus, Inc.*, No. C-01-2190-EDL, 2002 WL 1892200, at *15 (N.D. Cal. Aug. 15, 2002). This district concluded "it would be more appropriate and logical to defer the full consideration of any potential indefiniteness challenges to the summary judgment stage, after all fact and expert discovery has been completed." *Uretek Holdings, Inc. v. YD West Coast Homes, Inc.*, No: 8:15-cv-472-T-36JSS, 2016 WL 3021880, at *3 (M.D. Fla May 26, 2016); *see also Johnson & Johnson Vision Care, Inc. v. Ciba Vision Corp.*, 540 F. Supp. 2d 1233, 1243 (M.D. Fla. 2008) (finding the issue of indefiniteness is not properly before the court when construing claims).

Therefore, the parties are not to brief indefiniteness in their respective claim construction briefs. Briefing on the issue of indefiniteness is deferred until the summary judgment stage.

After consideration, it is **ORDERED** that:

1. The plaintiffs' motion to have indefiniteness removed from the claim construction briefs (Doc. 99) is **GRANTED.**

2. The Supplemental Case Management Report's claims construction briefing deadlines (Docs. 84, 88) are extended as follows:

    a. By **October 14, 2019**, the parties must file their claim construction briefs.

2

      b. By **November 18, 2019**, the parties must respond to the opposing party's claim construction brief.

**ORDERED** in Tampa, Florida on September 10, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge